UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY W. ROBINSON,

           Plaintiff,

      v.                                                Case No. 22-cv-0846-bhl

P. POOLE,

           Defendant.

---

## SCREENING ORDER

---

Plaintiff Anthony Robinson, who is currently incarcerated at the Kenosha County Detention Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Robinson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Robinson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Robinson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $109.00. Robinson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Robinson asserts that, on June 20, 2022, Defendant P. Poole woke him up and told him he had received a 23-hour bunk restriction (meaning he had to stay on his bed for 23 hours) because he had not made his bed correctly. According to Robinson, nine other inmates had made their beds the same way he had, so he felt like he was being singled out. Robinson states that he decided to file a grievance, which instructed him to first try and resolve his issue with staff. Robinson asserts that he talked to Poole, but she yelled at him, telling him that she had told him seven or eight times to make his bed correctly. Robinson states that he told her giving him the bunk restriction was the first time she had ever talked to him about this issue, but she merely said it was not her fault he cannot make a bed. Dkt. No. 1 at 2-3.

According to Robinson, he returned to his bed to comply with the restriction and to complete the grievance. Robinson asserts that Poole called officers to the unit and told them to "get him out of here." Robinson states that he was given an incident report and taken to segregation, where he stayed for six days. Dkt. No. 1 at 3.

### ANALYSIS

Robinson's complaint alleges two claims against Poole. First, Robinson contends Poole violated the First Amendment by retaliating against him for filing a grievance against her. Second, he alleges Poole violated his Eighth Amendment right against cruel and unusual punishment by placing him in segregation. Dkt. No. at 4. While his allegations adequately state a claim on the first count, the second is not properly pleaded.

To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the

3

defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Robinson may proceed on a retaliation claim based on allegations that Poole sent him to segregation because he sought to submit a grievance about her treatment of him.

As for Robinson's complaints about the discipline Poole imposed, he appears, as an initial matter, to be invoking the wrong constitutional standard. Robinson was a pretrial detainee at the relevant time, so any rights in relation to him being punished would arise under the Fourteenth Amendment, not the Eighth Amendment. *See Rapier v. Harris*, 172 F.3d 999, 1002-06 (7th Cir. 1999). The Seventh Circuit has explained that "a person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he is charged." *Id*. at 1002-03 (citations omitted). However, it is permissible to punish a pretrial detainee for misconduct while in pretrial custody as long as that punishment is imposed upon affording the detainee procedural protections such as notice and a due process hearing. *Id.* at 1004-05. Here, Robinson asserts that Poole punished him even though he did nothing wrong, but the documents Robinson attaches to his complaint show that he was provided an incident report, which gave him notice of misconduct he was alleged to have engaged in, and that he waived his right to a disciplinary hearing. *See* Dkt. No. 1-1. Accordingly, because Robinson was afforded procedural protections, he fails to state a Fourteenth Amendment claim against Poole.

**IT IS THEREFORE ORDERED** that Robinson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon P. Poole pursuant to Federal Rule of Civil Procedure 4. Robinson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting

such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Poole shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Robinson shall collect from his institution trust account the $241.00 balance of the filing fee by collecting monthly payments from Robinson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Robinson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Robinson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Robinson is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Robinson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Robinson may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on September 9, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge